IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESLEY BAXLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-169-C |
| | ) | |
| THE CITY OF OKLAHOMA CITY, a Political subdivision of the STATE OF OKLAHOMA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

On March 14, 2014, Oklahoma City police officers forced Plaintiff, a disabled veteran, and his service dog to leave a McDonald's restaurant. Based on this incident, Plaintiff filed suit in the Oklahoma State District Court of Oklahoma County, asserting two claims of negligence against Defendant. Plaintiff asserts that he had a legal right to be in the McDonald's with a service dog and cites the federal Americans with Disability Act of 1990 ("ADA"). Plaintiff alleges Defendant negligently trained, supervised, and retained the police officers who "ordered Plaintiff to leave the restaurant or be arrested." (Compl., Dkt. No. 10, Ex. 1, at 3.) Plaintiff also alleges Defendant negligently "breached its duty of care to know and follow the law set out in the [ADA] and to apply it in a manner that did not discriminate against Plaintiff." (Id. at 4.) On February 17, 2015, Defendant removed the case to federal court, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Before the Court is Plaintiff's Motion to Remand (Dkt. No. 10). Defendant filed a Response (Dkt. No. 11). Plaintiff did not reply. The Motion is at issue.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). In the instant case, federal jurisdiction must arise out of the latter because federal law did not create Plaintiff's cause of action. Plaintiff does not assert a claim under the ADA's remedial provisions. See 42 U.S.C. §§ 12117, 12132 & 12188. Rather, Plaintiff asserts state tort claims of negligence. "[J]urisdiction 'must be determined from what necessarily appears in the plaintiff's statement of his own claim.'" Gilmore v. Weatherford, 694 F.3d 1160, 1173 (10th Cir. 2012) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). Federal courts will have jurisdiction over state-law claims that "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). The state law claims must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. This "'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." Gilmore, 694 F.3d at 1171 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006)). This is because such determinations "'require sensitive judgments about congressional intent, judicial power, and

2

the federal system'" and, consequently, require federal courts to "exercise 'prudence and restraint.'" Morris, 39 F.3d at 1111 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 810, 813 (1986)). Defendant, as the party seeking to invoke federal jurisdiction, bears the burden of establishing that the instant case properly falls under the Court's jurisdiction. Ernzen v. Ernzen, No. 95-3145, 1997 WL 7276, at *1 (10th Cir. Jan. 9, 1997) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

Defendant asserts that Plaintiff's claims arise under federal law because the claims involve Plaintiff's rights and the police officers' duties under the ADA. However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc., 478 U.S. at 813 (1986). The federal issue must be "substantial," i.e., "one that 'indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" Gilmore, 694 F.3d at 1174 (quoting Grable, 545 U.S. at 313). Plaintiff's complaint does not indicate such serious federal interests. Plaintiff asserts state-law claims of negligence against a political subdivision of the state of Oklahoma. The United States Supreme Court has held that "the violation of the federal standard as an element of state tort recovery [does] not fundamentally change the state tort nature of the action." Merrell Dow Pharm., Inc., 478 U.S. at 814 n.12 (citing Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205 (1934)). Although Plaintiff's claims may turn on some construction of federal law, "[s]tate courts routinely interpret and apply federal law." Ernzen, No. 95-3145, 1997 WL 7276, at *3. Based on this reasoning, and bearing in mind the Court's duty to exercise "prudence and restraint," the Court finds the nature of the

federal interest at issue does not warrant the exercise of federal subject-matter jurisdiction under 28 U.S.C. § 1331.

Accordingly, Plaintiff's Motion to Remand (Dkt. No. 10) is GRANTED. The Court Clerk shall take the necessary steps to remand this matter to the District Court of Oklahoma County.

IT IS SO ORDERED this 20th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge